NO. 07-00-0149-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 6, 2000



______________________________




DONNIE YVETTE ANDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;



NO. 793120; HONORABLE MELODY M. WILKINSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Upon a plea of guilty for possession of a controlled substance, on January 26, 1999,
appellant was granted deferred adjudication for two years and placed on community
supervision for four years. Then, upon the State's second amended motion to adjudicate
guilt, the court found that appellant had violated the conditions of community supervision
and adjudicated him guilty. Appellant filed a "motion to appeal" and requested the
appointment of counsel to represent him on appeal. Both the clerk's record and the
reporter's record have been filed. Appellant's brief was due to be filed no later than July
17, 2000, but has yet to be filed. Also, no motion for extension of time has been filed. By
letter dated August 16, 2000, this Court notified appellant's counsel, Ms. Cheryl E. Irvin,
of the defect and also directed that Ms. Irvin explain to this Court by August 29, 2000, why
the brief was not filed. Ms. Irvin did not respond and the brief remains outstanding.

 Therefore, we now abate this appeal, and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant is indigent and entitled to appointed counsel;

 

 3. whether counsel for appellant has abandoned the appeal; and

 

 4. whether appellant has been denied effective assistance of counsel
given his attorney's failure to file a brief.



The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Monday, November 6,
2000.

 It is so ordered.


 Per Curiam











Do not publish.